IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JESSE GARCIA,

    Petitioner,

v.                                        CIV NO. 05- 586 JB/ACT

ERASMO BRAVO, Warden, and
PATRICIA A. MADRID,
Attorney General of the State of New Mexico,

    Respondents.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Jesse Garcia's Application for a Writ of Habeas Corpus. [Doc. No. 1]. Petitioner filed his Application on May 26, 2005. The Respondents filed an Answer, with accompanying Exhibits, on July 11, 2005, together with a Motion to Dismiss and a Memorandum in Support. [Doc. Nos. 10, 11 and 12]. The Petitioner filed a Response to the Motion to Dismiss. [Doc. No. 13]. The United States Magistrate Judge, having reviewed the Application, the Answer, the accompanying Exhibits, the Motion to Dismiss, the Petitioner's Response, and the relevant law, recommends that the Application for a Writ of Habeas Corpus be DENIED ON THE MERITS.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Order and Commitment of the Third Judicial District Court, County of Dona Ana, State of New Mexico, entered of record on November 20, 2003. [Answer, Exhibit A]. Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was convicted after a one day jury trial, on July 29, 2003, of one count of Trafficking Controlled Substances (Distribution) and one count of Conspiracy to Commit Trafficking Controlled Substances (by Distribution). [Answer, Exhibit A]. Petitioner was represented throughout his pre-trial proceedings, his trial and his sentencing by appointed counsel.

3. The sentencing court found that Petitioner was a Habitual Criminal Offender with two previous felony convictions and sentenced Petitioner accordingly to an enhanced sentence. Petitioner is currently serving a thirteen (13) year sentence followed by two (2) years parole. [Answer, Exhibit A].

4. Petitioner timely appealed his conviction to the New Mexico Court of Appeals. His appeal challenged the sufficiency of the evidence to support his convictions. [Answer, Exhibits B and C].

5. The Court of Appeals issued a Proposed Summary Affirmance and Petitioner, through appointed appellate counsel, responded with a Memorandum in Opposition. [Answer, Exhibits D and E]. The Court of Appeals remained unpersuaded and affirmed Petitioner's two convictions finding that there was sufficient evidence to support the jury verdict. [Answer, Exhibit F].

6. Petitioner, through his appointed appellate counsel, petitioned for *certiorari* in the

Supreme Court of New Mexico. Petitioner argued that there was insufficient evidence to prove every element of each offense beyond a reasonable doubt. [Answer, Exhibit G]. The Supreme Court of New Mexico denied *certiorari* on May 10, 2004. [Answer, Exhibit H].

7. Petitioner filed a timely, *pro se* Petition for the Writ of Habeas Corpus with the Third Judicial District Court, County of Dona Ana, on January 18, 2005. He raised three arguments in support of his Petition:

>   A. that he was entrapped by undercover law enforcement officers;
>
>   B. that he was deprived of his Sixth Amendment right because he was unable to confront certain witnesses and his co-defendant (whose trial had been severed from his); and
>
>   C. that he was denied effective assistance of counsel because his appointed counsel failed to investigate his case, failed to make objections during trial, failed to ask certain questions of the undercover agents and failed to file a motion to suppress the cocaine.

Petitioner claimed denials of his Sixth and Fourteenth Amendment rights and of his state constitutional rights. [Answer, Exhibit J].

8. District Court Judge Stephen Bridgforth, the judge who presided over Petitioner's trial and imposed Petitioner's sentence, denied the Petition in a written opinion on March 4, 2005. [Answer, Exhibit K]. In his opinion, Judge Bridgforth wrote:

> The defendant's first claim is that he was entrapped by the actions of law enforcement officers. This claim does not state a basis for post conviction relief after a trial. State v. Dominguez, 80 N.M. 328, 455 P. 2d 194 (Ct. App. 1969).
> The defendant claims next that he was deprived of his right to confront the witnesses against him, including unknown undercover agents and co defendant Hector

Chavez. None of the persons testified at trial. The defendant does not claim that any hearsay statements of these persons were admitted against him. This claim is without merit as a matter of law. State v. James, 76 N.M. 376, 415 P. 2d 350 (1966). ...

The defendant's third claim is that his attorney failed to adequately investigate the case, call certain witnesses, or ask questions that the defendant wanted asked. The Court gives great deference to the trial tactics and strategy decision of defense counsel. The defendant does not demonstrate a reasonable probability that, but for counsel' alleged errors, the result of the trial would have been different. This claim is without merit as a matter of law. State v. Trujillo, 2002-NMSC-005, 42 P.3d 814.

9. Petitioner filed a timely Petition for Writ of Certiorari with the Supreme Court of New Mexico on April 8, 2005, raising the same three claims above. [Answer, Exhibit L].

10. The Supreme Court denied the Petition for Writ of Certiorari on April 20, 2005. [Answer, Exhibit M].

11. Petitioner timely filed this federal Petition for a Writ of Habeas Corpus on May 26, 2005, raising the same three claims of entrapment, inability to confront certain witnesses and ineffective assistance of counsel. [Doc. No. 1].

## DISCUSSION

12. The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State Court proceedings.

13. Petitioner raised three claims in his federal Petition for a Writ of Habeas Corpus:

    A. that he was entrapped by undercover agents;

    B. that he was denied the right to question certain potential witnesses who did not testify at trial; and

    C. that he received ineffective assistance of counsel because:

        1) his attorney failed to investigate his case,

        2) his attorney failed to make motions to suppress evidence,

        3) his attorney failed to subpoena certain witnesses to testify at his trial, and

        4) his attorney failed to ask certain questions of certain witnesses.

14. Petitioner has exhausted all of his claims in the state courts below through his state habeas corpus petitions. Each claim has been addressed on the merits by the state courts below and denied.

15. Faced with a fully exhausted, timely Petition for Habeas Corpus this Court must answer two questions. First, do the claims raise a violation of a federal constitutional right? Second, if a claim does raise of violation of a federal constitutional right, are the state court decisions on the merits contrary to, or involve an unreasonable application of, clearly established federal law, or are the state court decisions based on an unreasonable determination of the facts in light of the evidence presented? If the answer to either question is no, the Petitioner is not entitled to relief in his Petition for Habeas Corpus.

## PETITIONER'S CLAIM OF ENTRAPMENT DOES NOT STATE

## A VIOLATION OF A FEDERAL CONSTITUTIONAL RIGHT

16. This Court's inquiry is restricted to a review of Petitioner's claims that he is in custody pursuant to a judgment of a New Mexico state court that violates the Constitution of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

17. Petitioner has raised the argument that he was entrapped by state undercover agents and should not have convicted of the crimes of Trafficking Controlled Substances (Distribution) and Conspiracy to Commit Trafficking Controlled Substances (by Distribution). As District Court Judge Bridgforth wrote in his denial of Petitioner's state Petition for the Writ of Habeas Corpus, entrapment is a defense to a criminal prosecution. The defense of entrapment pertains to the merits of the case and is determined at trial. *See*, State v. Dominguez, 80 N.M. 328, 455 P. 2d 194 (Ct. App. 1969).

18. Petitioner's claim of entrapment does not raise a claim that his federal constitutional rights have been violated. His argument that he had "no predisposed thought ... or plan to acquire cocaine on Nov. 5, 2001" and that "all incidents of that day were made possible and organized by undercover agents" is merely another way of arguing that there was not sufficient evidence to support his two convictions. This argument was raised before the New Mexico Court of Appeals and the Supreme Court of New Mexico. Both courts rejected this argument. The Court of Appeals reviewed the evidence in its written opinion and noted that the Defendant testified at his trial presenting his own account to the jury. Undercover agents also testified at the trial.

19. The evidence showed that Defendant was given beer by a man he met at a motel. After consuming the beer, Defendant wanted a ride to a liquor store to purchase more beer. The

man, whom Defendant alleges was a paid employee of the State Police, called two men who arrived shortly thereafter at the motel. These two men, who were state undercover narcotics agents, drove Defendant to a liquor store. The agents discussed purchasing cocaine with the Defendant during the ride. At the liquor store, the agents and Defendant met Hector Chavez. The evidence is disputed whether Defendant introduced the agents to Chavez. Chavez got into the car and the four men drove to a house. The agents and Chavez went inside, purchased cocaine for $40, and returned to the car. The agents paid Chavez $20 but did not pay Defendant anything. As the agents, Chavez and Defendant were driving toward the motel, a uniformed New Mexico State Police officer stopped the car and obtained identifications from the men.

20. The Court of Appeals wrote,

Through the testimony of the agents, the jury was presented with direct evidence that Defendant participated in the drug transaction by providing the introduction to the seller and accompanying the parties to the place of sale. The jury was then required to infer knowledge or intent on Defendant's part. ... When the evidence is 'viewed in the light most favorable to the state', the undercover agents' testimony does not 'give[] rise to an equally reasonable inference of innocence.' State v. Apodaca, 118 N.M. 762, 766, 887 P. 2d 456, 760 (1994). Instead it demonstrated knowing facilitation.

[Answer, Exhibit F].

21. Arguing that he was entrapped because he had no predisposed intent or plan to acquire cocaine on that morning is merely another way of arguing that the evidence did not support the jury's finding that Defendant had the requisite intent required for the two crimes of which the jury found him guilty - trafficking controlled substances and conspiracy to commit trafficking controlled substances.

22. Petitioner's claim of entrapment is one that goes to the sufficiency of the evidence presented at trial. The claim does not state a ground for habeas corpus relief.

23. The Court finds that Petitioner's claim that he was entrapped into committing the two crimes of which he was convicted fails to state a claim that Petitioner is in custody pursuant to a judgment of a state court that violates the Constitution of the United States.

## PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED WHEN THREE POTENTIAL WITNESSES DID NOT TESTIFY AT HIS TRIAL

24. Petitioner's second claim is that his Sixth Amendment rights under the U.S. Constitution were violated because three potential witnesses did not testify at his trial - the man who gave him beer at the motel and called the two undercover agents, Hector Chavez, Petitioner's co-defendant whose trial was severed from Petitioner's trial, and the State Police officer who stopped the car after the sale and obtained the identifications of Petitioner and his co-defendant Chavez.

25. None of these three men testified at trial. No statements from any of the men were used at trial. The State court denied this claim because it was without merit as a matter of law. [Answer, Exhibit K].

26. The Sixth Amendment of the United States Constitution, applicable to state criminal trials through the Fourteenth Amendment, guarantees the accused "to be confronted with the witnesses against him." This Sixth Amendment guarantee does not apply when a potential witness neither testifies at trial nor provides any evidence. U.S. v. Porter, 764 F. 2d 1 (1st Cir. 1985), *rehearing denied*, 776 F. 2d 370 (1st Cir. 1985); *appeal after remand*, 807 F. 2d 21 (1st Cir. 1986); *cert. denied*, 481 U.S. 1048 (1987). The government is not under any obligation to call all potential witnesses. U.S. v. Heck, 499 F. 2d 778 (9th Cir. 1974); *cert. denied*, 419 U.S.

1088 (1974). The state court decision below denying this claim cited State v. James, 76 N.M. 376, 415 P.2d 350 (1966). In that case, the Supreme Court of New Mexico explained, "[a] witness is one who testifies under oath, and the constitutional guarantee contemplates confrontation only by those who actually testify against the accused, or whose testimony or statements are in some way brought to the attention of the court and jury upon the trial." Id., at 379, 352.

27. The three men whom Petitioner claims he was not allowed to confront were not witnesses at his trial and are not covered by the guarantee of the Sixth Amendment. Therefore, Petitioner's claim that his Sixth Amendment right of confrontation was violated has no support in the record and fails to state a claim for habeas corpus relief.

## PETITIONER DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL

28. Clearly established federal law holds that to establish ineffective assistance of counsel Petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must show that his defense counsel's performance was not simply wrong but was completely unreasonable. Gonzales v. McKune, 247 F. 3d 1066, 1072 (10th Cir. 2001). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. " Strickland v. Washington, supra, at 689.

29. The second prong of establishing an ineffective assistance of counsel claim requires that Petitioner establish that but for his attorney's errors, there is a reasonable probability that the

outcome of his trial would have been different. A reasonable probability is one that is sufficient to undermine confidence in the jury's verdict. Strickland v. Washington, supra, at 695.

    30. In support of his claim that his attorney was ineffective, Petitioner argues that his attorney failed to investigate his case, failed to make motions to suppress evidence, failed to subpoena certain witnesses to testify at his trial, and failed to ask certain questions of certain witnesses. Petitioner argues that his trial attorney should have subpoenaed the man who first offered Petitioner beer on the morning of Nov. 5, 2001 at the motel, the State Police officer who stopped the car after the cocaine was purchased, and his co-defendant, Hector Chavez, and had all three of them testify at his trial. Petitioner argues that his attorney should have questioned the agents who did testify, Vigil and Mora, about the money spent on the undercover case, including approximately $90 that was allegedly used to rent a room at the motel. Petitioner argues that his attorney should have impeached agents Vigil and Mora by introducing evidence that Petitioner did not rent a room at the motel as Vigil and Mora testified he had. Petitioner does not address what evidence his attorney should have moved to suppress or how his attorney failed to investigate his case. Petitioner argues that his attorney "deprived me of my Constitutional Rights by depriveing [sic] the jury of the crucial facts that I bought to his attention."

    31. Petitioner's claim of ineffective assistance of counsel was presented in his state Petition for Habeas Corpus. It was denied on the merits by both the District Court and the Supreme Court of New Mexico. This Court may only grant relief if the decisions below were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or the courts below reached their decision based on an unreasonable determination of the facts in light of the evidence presented in the State

Court proceedings. The decisions below were ones involving both a determination of the facts and an application of clearly established federal law.

32. Based on the evidence presented by the Petitioner, this Court, like the state courts below, is unable to find that Petitioner's attorney fell below an objective standard of reasonableness or that his performance was completely unreasonable. Petitioner bears a heavy burden to prevail on this claim. He must overcome the presumption that his attorney's actions were sound trial strategy. Gonzales v. McKune, *supra*, at 1072. This Court finds that Petitioner has not overcome this presumption.

33. Petitioner has not shown that the man at the motel who offered Petitioner the beer and later called the two agents to drive Petitioner to the liquor store would have presented exculpatory evidence. The crimes of which Petitioner was convicted occurred during the ride to and from the liquor store with agents Mora and Vigil, not during the beer drinking at the motel that occurred earlier. The state police officer who stopped the car after the purchase of the cocaine would not have presented any exculpatory evidence beyond what had already been established. It was undisputed that Petitioner was sitting in the back of the car and did not have the cocaine in his possession at the time of the stop. The state police officer would have only testified to this already established fact.

Petitioner has also not shown that were his attorney able to call co-defendant Hector Chavez to the stand that Chavez would have testified that Petitioner was an innocent bystander. Petitioner has presented no evidence, through affidavits or from testimony that Chavez presented at his own trial, that Chavez would have offered exculpatory evidence that would have exonerated Petitioner.

11

The fact that Petitioner may or may not have rented a room at the motel the previous night does not bear upon the crime. Even if Petitioner were able to show that he could have used this evidence to impeach the agents' testimony, Petitioner does not show how this impeachment would have created a reasonable probability that the outcome of the trial would have been different. Nor does evidence that one of the agents allegedly rented a room at the motel as part of this undercover operation have any bearing upon the evidence presented at trial upon which the jury based its verdict.

34. This Court, like the state courts below, does not find that but for Petitioner's attorney's alleged errors, that there is a reasonable probability that the outcome of the trial would have been different. Petitioner presents only his conclusion, that had his attorney presented the testimony of these three witnesses and asked the questions that Petitioner deemed important, "that the outcome of Case 2003-0191 would have been completely different, and would prove beyond a doubt that I am innocent of the charges against me, and the whole outcome of the trial would have Been in my favor." [Answer, Exhibit L]. Petitioner has presented no evidence to support this conclusion or his claim of ineffective assistance of counsel.

35. This Court finds that the state court decisions below denying this claim were not contrary to, nor involved an unreasonable application of, clearly established federal law. This Court also finds that the state courts below did not reach their decisions based on an unreasonable determination of the facts of this case.

36. Petitioner claim that he received ineffective assistance of counsel fails to state a claim for habeas corpus relief.

## CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petitioner has failed to establish that he is in custody pursuant to a State court judgment in violation of the Constitution of the United States.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                ALAN C. TORGERSON
                                                UNITED STATES MAGISTRATE JUDGE